**SHIPLEY et al. v. PITTSBURGH & LAKE ERIE R. CO.**

**Civ. No. 5586.**

District Court, W. D. Pennsylvania.

April 25, 1947.

See also, D.C., 70 F.Supp. 870.

Alexander Unkovic, of Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., for plaintiffs.

James R. Orr, of Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This matter comes before the Court on motion of 26 additional plaintiffs for leave to intervene as party plaintiffs.

At the time of the hearing on said motion for leave to intervene, the defendant orally moved that the Court limit the time within which unnamed persons must become parties of record to the action.

On April 10, 1946, the above class action was instituted by 24 named plaintiffs, each of whom was a trainman employed by the Pittsburgh & Lake Erie Railroad, against the Pittsburgh & Lake Erie Railroad, a Pennsylvania corporation, claiming compensation for coupling air hose. The complaint stated that it is a class action where there is "A common question of law or fact

34

affecting their several rights and a common relief is sought." Each of the named plaintiffs possessed requisite diversity of citizenship and a claim in the proper amount to give the Federal Court jurisdiction of the action.

On July 2, 1946, 58 additional trainmen, no one of whom had the jurisdictional requirements of both diversity of citizenship and a claim in excess of $3,000 exclusive of interest and costs, filed a motion to intervene. On September 18, 1946, the Court granted the motion.

On October 7, 1946, an additional 29 trainmen filed a similar motion for leave to intervene. Of the 29 movants only four, namely Charles S. Strausbaugh, John Slavins, R. J. Hamilton and Arthur N. Donahue, assert that they are citizens of a state other than Pennsylvania, and have claims in excess of $3,000 exclusive of interest and costs. Each of the 25 other movants is either a citizen of Pennsylvania or has a claim less than the jurisdictional amount. On March 7, 1947 the Court granted the motion.

Again on March 24, 1947, an additional 26 trainmen filed a similar motion for leave to intervene. Of the 26 movants only four, namely C. G. Leiser, Edward E. Roler, Grover C. Taylor and L. R. Acton assert that they are citizens of a state other than Ohio and have claims in excess of $3,000 exclusive of interest and costs. The other 22 are either citizens of Pennsylvania or have claims less than the jurisdictional amount.

It is contended by the defendant that the Court in the exercise of its discretion should limit the time within which any of the unnamed parties may intervene in the action to 30 days from the date of the order made on the motion for leave to intervene.

Counsel for the plaintiffs contend that the case should remain open to intervenors or persons who have a similar question of law or fact until the time of final judgment.

It is clear that an employee who is not a party to this suit, who does not himself intervene in the action or designates some one else to represent him, cannot be bound by the judgment or have a claim rendered res judicata, other than the application of the doctrine of stare decisis.

It clearly follows that judgments may be rendered only in favor of the plaintiffs in this suit or those other employees who become parties to the action by intervening, or by having the record show either that the plaintiffs, or some one else, had been designated by them to intervene in their behalf, and establish that they are employees similarly situated and are entitled to a judgment by virtue of the proof adduced.

The original complaint in this action was filed on April 10, 1946. Motions were filed for leave to intervene of additional plaintiffs at the times hereinbefore set forth in this opinion. A pre-trial conference was held by this Court on the 24th day of April, 1947, and at the time of said conference the Court fixed the 27th day of October, 1947, as the time for trial, said case to be heard by the Court without a jury.

I believe that the defendant should be definitely informed at some time prior to trial as to the claims it will be called upon to answer, in order that proper preparation can be made in connection therewith.

In conformity with this view, the plaintiff in this action shall name the other employees on whose behalf he presents this action; or such other employees who desire to intervene, or participate in this action, by designating some representative to maintain said proceeding for and in their behalf by appropriate motion, amended pleading or otherwise, on or before 30 days prior to October 27, 1947. Otherwise this action shall abate as to unnamed employees. The Court will grant the motion for leave to intervene of the 26 additional employees in accordance with the motion filed on March 24, 1947. The Court furthermore hereby fixes and designates the 27th day of October, 1947, at 10:00 a. m., as the time for trial and hearing of the within proceeding.